# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Raffi Zerounian | | No Appearance |

**Proceedings:** PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 22, filed August 14, 2017)

## I. INTRODUCTION

On April 25, 2016, plaintiff JL Audio Inc. filed the instant action against defendants Giash U. Kazi, a/k/a Mike Kazi ("Kazi"), MK Financial Group Inc., d/b/a Auto Accessory Warehouse and d/b/a CarAudioGiants.com ("Auto Accessory Warehouse"), and Does 1-10 (collectively "defendants"). Dkt. 1 ("Compl."). Plaintiff contends that defendants infringed upon plaintiff's JL AUDIO trademark. Id. On July 23, 2016, plaintiff served the summons and complaint on defendants. Dkts 13, 14. Defendants have failed to file an answer or otherwise respond. On August 29, 2016 the Clerk of Court entered default against defendants. Dkt. 16.

On August 14, 2017, plaintiff filed the instant motion for default judgment against defendants. Dkt. 22 ("Memorandum"). On September 17, 2017, plaintiff filed a notice of voluntary dismissal of remaining defendants. Dkt. 23.

On September 18, 2017, the Court held oral argument. At oral argument, plaintiff clarified that the notice of voluntary dismissal was filed with respect to individual defendant Kazi and that plaintiff still sought a default judgment against Auto Accessory Warehouse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

## II.   BACKGROUND

Plaintiff alleges the following facts.

Plaintiff manufactures, markets, and sells audio and stereo components and accessories throughout the United States, including speakers, amplifiers, audio signal processor, receivers, tuners, and equalizers. Compl. ¶ 14.

Plaintiff is a Florida corporation with its principal place of business in Miramar, Florida. Id. ¶ 1. Auto Accessory Warehouse is a California corporation with a business location in San Bernardino, California. Id. ¶ 2. Car Audio Giants operates its business at www.CarAudioGiants.com. Id. ¶ 3. Kazi is the owner of Auto Accessory Warehouse and its corresponding website, and has a primary residence in Grand Terrace, California. Id. ¶ 4. Plaintiff alleges that Kazi is the "active and moving conscious force behind [d]efendants' infringing conduct." Id. ¶ 4. At all times relevant, each defendant was the alter ego and co-conspirator of or with each of the remaining defendants. Id. ¶ 6.

Plaintiff is the exclusive owner of trademark rights in the JL AUDIO trademark. Id. ¶ 12. Plaintiff alleges that these rights include the following federal trademark registrations: (1) U.S. Reg. No. 1,948,910 for JL AUDIO in Class 9 covering "audio and stereo components and accessories, particularly speakers"; (2) U.S. Reg. No. 2,532,728 for JL AUDIO in Class 9 for "audio equipment, namely, amplifier and audio signal processor for use in connection with loudspeakers, audio speakers, receivers, tuners, equalizers or components or accessories related thereto"; and (3) U.S. Reg. No. 1,956,624 for JL JL AUDIO (& Design) in Class 9 for "audio and stereo components and accessories, namely amplifiers [, receivers, tuners,] equalizers and loud speakers." Id. ¶ 12. In addition, by virtue of plaintiff's longstanding use of the JL AUDIO mark throughout the United States, and because of its widespread advertising and promotion efforts, plaintiff also enjoys strong common law trademark rights in the JL AUDIO mark, its logos, and its product packaging and trade dress. These federally registered and common law trademark rights are collectively referred to as the "JL AUDIO mark." Id.

Plaintiff alleges that, for over four decades, it has used the JL AUDIO mark in connection with high-quality audio and stereo components and accessories. Id. ¶ 9. Due to the success of its products, the JL AUDIO mark has been synonymous with superior audio equipment for almost forty years, and consumers understand that plaintiff offers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          "O"

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

unmatched customer service and warranties for audio accessories purchased through plaintiff or its authorized dealers. Id. ¶ 11.

The audio equipment and component parts sold under the JL AUDIO mark are subject to a strict quality control program implemented by plaintiff that protects all aspects of the products, including the components, safety, appearance, and packaging. Id. ¶ 15. Plaintiff's products are sold in packaging that includes a barcode, which allows plaintiff to provide and track customer warranties, track its inventory, and assist with product quality control issues. Id. ¶ 16.

Plaintiff has sold millions of dollars' worth of goods and services in the United States under its JL AUDIO mark, and has spent substantial sums on marketing and promotion of the JL AUDIO mark. Id. ¶ 17. By virtue of the sales and marketing efforts, the JL AUDIO mark is well known throughout the United States, and represents valuable goodwill for plaintiff. Id. ¶ 18. Plaintiff also owns copyright rights in photographs of its products. Id. ¶ 19.

Plaintiff alleges that defendants sell and install audio components and accessories through its Auto Accessory Warehouse in Riverside, California, and sell audio equipment through online channels such as its website located at www.caraudiogiants.com and www.autoaccessorywarehouse.net. Id. ¶ 20. Defendants are selling and offering for sale audio components and accessories under the JL AUDIO mark that are not JL Audio products in genuine product packaging. Id. ¶ 21. Plaintiff alleges that defendants are selling these unauthorized products in connection with the JL AUDIO mark, including JL Audio merchandise with fraudulent barcodes. Id. ¶ 22. In addition, defendants sell purported JL Audio merchandise whose original barcodes have been concealed, altered, or destroyed, and defendants sell purported JL Audio products with product packaging that includes fake JL Audio barcodes or bogus JL Audio logos. Id. ¶ 23. Defendants have falsely represented to their customers that defendants are authorized JL Audio dealers. Id. ¶ 24. Defendants have used advertising and promotional materials that prominently feature the JL AUDIO mark, including official JL Audio product photographs on www.caraudiogiants.com. Id. ¶ 25.

The purpose of defendants' conduct is to confuse consumers that the products that defendants sell are authorized JL Audio merchandise. Id. ¶ 26. Defendants know that consumers expect that the JL Audio merchandise it sells is protected by a JL Audio warranty, or is eligible to use JL Audio's customer service programs. Id. In addition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

plaintiff alleges that defendants have sold used JL Audio merchandise and misrepresented to customers that these products are new. Id. ¶ 27.

Plaintiff alleges that, due to defendants' misrepresentations and fraudulent conduct, consumers who purchase JL Audio merchandise from defendants mistakenly believe they have purchased authentic products, and believe they are entitled to receive the warranty that comes with the JL Audio merchandise purchased from authorized dealers. Id. ¶ 28. These consumers also mistakenly believe they can utilize plaintiff's customer service. Id.

Defendants' use of the JL AUDIO mark constitutes a deliberate, intentional, and willful attempt to trade on plaintiff's business reputation and goodwill, and as a result, defendants' customers are confused into thinking that the JL Audio products sold by defendants are genuine products that are eligible for JL Audio's warranties and customer service programs. Id. ¶ 31.

Plaintiff alleges trademark infringement in violation of section 32 of the Lanham Act, unfair competition in violation of section 43(a) of the Lanham Act, unfair competition in violation of the California Business and Professions Code, section 17200 et seq., and unfair competition in violation of California common law. Id. ¶¶ 36, 40, 45, 48. Plaintiff further alleges that defendants' acts irreparably damage plaintiff, and because there is no adequate remedy at law, plaintiff requests a permanent injunction restraining Auto Accessory Warehouse from using the JL AUDIO mark in connection with non-genuine products and from selling JL Audio products not sold in the original product packaging. Id. ¶¶ 37, 41, 46, 52.

## III. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Circ. 1985)). Granting or denying a motion for default judgment is a matter within the court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    "O"

**CIVIL MINUTES – GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471-72; see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

### A. Application of the Eitel Factors

#### 1. Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471-72. Courts have concluded that a plaintiff is prejudiced if the plaintiff would be "without other recourse for recovery" because the defendant failed to appear or defend against the suits. Pepsi, 238 F. Supp. 2d at 1177; see also Phillip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 499 (C.D. Cal. 2003).

Plaintiff alleges that defendants' use of the JL AUDIO mark constitutes a deliberate, intentional, and willful attempt to trade on plaintiff's business reputation and goodwill, and as a result, defendants' customers are confused into thinking that the JL Audio products sold by defendants are genuine products that are eligible for plaintiff's warranties and customer service programs. Id. ¶ 31. Because defendants have not appeared in this matter, plaintiff will be without any other recourse for recovery unless default judgment is granted. See PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (stating that plaintiffs would have no other recourse if a default judgment were not entered). At minimum, plaintiff would be prejudiced through loss of sales and dilution of its JL AUDIO mark if denied a remedy against defendants. As a result, the first Eitel factor weights in favor of the entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

**2.     Substantive Merits and Sufficiency of the Claims**

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941(D. Ariz 2013). The second and third Eitel factors assess the substantive merit of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388(9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover).

Plaintiff seeks relief for trademark infringement in violation of section 1114 of the Lanham Act, unfair competition in violation of section 1125(a) of the Lanham Act, and unfair competition in violation of California common law and Cal. Bus. & Prof. Code § 17200 et seq.

**a.     Trademark Infringement**

Plaintiff alleges trademark infringement under section 1114 of the Lanham Act, which imposes liability on a person who uses a registered mark without the consent of the registrant and where "such use is likely to cause confusion or to cause mistake[.]" To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." Dreamwerks Prod. Grp., Inc. v. SKG Studio, d/b/a Dreamworks SKG, 142 F.3d 1127, 1129 (9th Cir, 1998). The Ninth circuit has identified eight factors that should be considered in making this assessment, however "in cases involving counterfeit marks, it is unnecessary to perform this step-by-step examination … because counterfeit marks are inherently confusing." Phillip Morris USA Inc. v. Shalabi, 352 F.Supp.2d 1067, 1073 (C.D. Cal. 2004). Counterfeiting is a subset of trademark infringement under 15 U.S.C. § 1114(a)(1). There is a presumed likelihood of confusion when "the intent to cause confusion is coupled with the use of a counterfeit mark or a mark virtually identical to a previously registered mark." Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 945 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    "O"

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

The Court concludes that plaintiff has alleged a prima facie case of trademark infringement.[1] See Compl. ¶¶ 20–25. Plaintiff is the exclusive owner of trademark rights in the JL AUDIO trademark. Id. ¶ 12. It owns three federal trademark registrations, as well as common law trademark rights, that cover a wide range of audio equipment and stereo components. Id. ¶ 12. Defendants' infringing products, which are audio components and accessories, bear the JL AUDIO mark with fraudulent barcodes. Id. ¶¶ 20–22. Defendants have sold audio components and accessories under the JL AUDIO mark that are *not* JL Audio products in genuine product packaging, and additionally, defendants sell purported JL Audio merchandise whose original JL Audio barcodes have been concealed, removed, or destroyed. Id. ¶¶ 21–23. Defendants intend to confuse customers that these products are authorized JL Audio merchandise and are therefore protected by a JL Audio warranty and are eligible for use in JL Audio's customer service programs. Id. ¶ 26. Accordingly, the Court may presume that defendants' use of the same JL AUDIO mark is likely to cause confusion. See Louis Vuitton, 658 F.3d at 945.

Plaintiff adequately alleges that it owns the JL AUDIO mark, that defendants use the JL AUDIO mark without plaintiff's authorization, and that defendants' infringing products are meant to confuse consumers into believing that the products defendants sell under the JL AUDIO mark are authorized JL Audio merchandise. As a result, the Court concludes that plaintiff adequately pleads its trademark infringement claim, and the second and third factors weigh in favor of the entry of default judgment.

### b.   Unfair Competition

Plaintiff alleges violations under sections 1114 and 1125 of the Lanham Act. "Although they are distinct claims, the elements are essentially identical and the same evidence establishes both claims." Phillip Morris USA Inc. v. Liu, 489 F. Supp. 2d 1119, 1121–22 (C.D. Cal. 2007). Identical to the Court's analysis of defendants' trademark violations under section 1114(1), defendants are liable for violations of section 1125 if plaintiff demonstrates that (1) it owns a valid and protectable trademark, and that (2) defendants used in commerce a similar mark without authorization in a manner likely to

---

[1]   Plaintiff also argues that defendants are liable for trademark infringement because defendants have sold "illegal gray market goods" that bear the JL AUDIO mark. Memorandum at 9. However, there are no allegations in the complaint that defendants distributed gray market goods. Nevertheless, this lack of allegations regarding gray market goods does not affect the Court's analysis with respect to trademark infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

cause consumer confusion, deception, or mistake. Id. Here, as the Court previously discussed, plaintiff demonstrates that it owns the JL AUDIO mark. Furthermore, defendants sell infringing products, without authorization, that are purported to be JL Audio merchandise, and are likely to cause consumer confusion. Therefore, plaintiff adequately alleges that defendants' unauthorized use of the JL AUDIO mark violates section 1125 of the Lanham act.

California's Unfair Competition Law ("UCL") prohibits "unfair competitions … includ[ing] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations … as unlawful practices, independent actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. V. Super. Court, 826 P.2d 730, 734 (Cal. 1992) (quotation marks omitted); Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Plaintiff rests its UCL claim on defendant's alleged trademark infringement. See Compl. ¶¶ 42–45. A violation of the Lanham Act may support a claim under the UCL, because the Ninth Circuit has consistently held that state common law violations of unfair competition and actions pursuant to Cal. Bus. & Prof. Code section 17200 are "substantially congruent" to claims made under the Lanham Act. Cleary v. News Corp., 30 F.3d 1255, 1262–63 (9th Cir. 1994). Accordingly, because the Court concludes that plaintiff has sufficiently stated a claim for trademark infringement, plaintiff has likewise adequately stated a claim for unfair competition in violation of the UCL and in violation of California common law.

Thus, the Court concludes that the second and third factors weigh in favor of the entry of default judgment with respect to plaintiff's second, third, and fourth claims.

### 3. The Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471-72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM, 2015 WL 4545360, *6 (C.D. Cal. May 27, 2015); see also Walter v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA     "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

Statewide Concrete Barrier, Inc., No. 04-cv-02559-JSW, 006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2016) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Plaintiff only seeks non-monetary damages in the form of injunctive relief from defendants' continued use of the JL AUDIO mark on defendant's products. Accordingly, non-monetary damages favor granting default judgment. PepsiCo, 238 F. Supp. 2d at 1177.

### 4. Possibility of Dispute

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. As explained, plaintiff adequately alleges its claims for trademark infringement and unfair competition. Therefore, the Court concludes that no factual disputes exist that would preclude the entry of default judgment. As a result, the fifth Eitel factor weighs in favor of the entry of default judgment on these claims.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. Here, there is no indication that default was entered due to defendants' excusable neglect. Defendants were properly served with the summons and complaint, see dkts. 13, 14, yet have failed to show cause why a default judgment should not be entered against them. Accordingly, this factor weighs in favor of entry of default judgment.

### 6. Public Policy in Favor of Deciding the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible."). However, a party's failure to answer or appear makes a decision on the merits impractical, if not impossible. PepsiCo, 238 F. Supp. 2d at 1177. Since defendants failed to respond to plaintiff's complaint, this factor does not preclude entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA          "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

### 7. Conclusion Regarding the Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors counsel in favor of default judgment, including the merits of plaintiff's claims for trademark infringement and unfair competition. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citations omitted). All of the Eitel factors are neutral or weigh in favor of the entry of default judgment. Consequently, it is appropriate to grant plaintiff's motion for default judgment against defendants.

### B. Relief

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff seeks permanent injunctive relief and other relief as the Court deems equitable. Memorandum at 13–16.

### 1. Injunctive Relief

Plaintiff seeks a permanent injunction barring Auto Accessory Warehouse from promoting and selling the products accused of infringing the JL AUDIO mark. Memorandum at 2, 13–16. Specifically, plaintiff requests that the Court permanently enjoin Auto Accessory Warehouse from trademark infringement and unfair competition arising out of its sale of unauthorized products in connection with the JL Audio mark, including JL Audio-branded products that are not genuine products in genuine product packaging. Id. Plaintiff requests that Auto Accessory Warehouse be enjoined from further use of the JL AUDIO mark, or any reproduction, counterfeit, copy, or colorable imitation of the JL AUDIO mark. Id. at 13.

The Lanham Act gives the Court the power to grant injunctions to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark office. 15 U.S.C. 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175, 1180 (9th Cir. 1998). A Court may grant a permanent injunction if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA           "O"

CIVIL MINUTES - GENERAL

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

plaintiff satisfies a four-factor test.  eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 392–93 (2006).  Specifically, a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) "that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted"; (4) that it is the public's interest to issue the injunction.  eBay, 547 U.S. at 391.

"[W]hen a plaintiff establishes in a trademark infringement or unfair competition action a likelihood of confusion, it is generally presumed that the plaintiff will suffer irreparable harm if an injunction is not granted."  Otter Prod., LLC v. Berrios, No. 13-cv-4384-RSWL-AGRX, 2013 WL 5575070, *11 (C.D. Cal. Oct. 10, 2013).  Furthermore, "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."  Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001).  Plaintiff's pleadings show a likelihood of confusion as to the origin of the infringing products, and thus harm to plaintiff's goodwill it owns in the JL AUDIO mark, in addition to lost sales.  Compl. ¶¶ 20–32.  Therefore, the Court finds that plaintiff will be irreparably harmed by Auto Accessory Warehouse's continued use and infringement of plaintiff's JL AUDIO mark.

Plaintiff satisfies the second element concerning inadequate legal remedy.  "Damage to reputation and loss of customers are intangible harms not adequately compensable through monetary damages."  Car-Freshner Corp. v. Valio, LLC, No. 2:14-cv-01471-RFB-GWF, 2016 WL 7246073, *8 (D. Nev. Dec. 15, 2016).  Plaintiff alleges that unless enjoined, Auto Accessory Warehouse will continue to infringe upon plaintiff's JL AUDIO mark.  Compl. ¶¶ 37, 41, 46, 52.  Although, post-eBay, a court may no longer presume irreparable injury from the bare fact of liability in a trademark case, the injury caused by the presence of infringing products in the market—such as lost profits and customers, as well as damage to goodwill and business reputation—will often constitute irreparable injury.  Sennheiser, 2013 WL 3811775 at *10 (citations omitted).  Plaintiff adequately alleges that Auto Accessory Warehouse used and will continue to use products purported to be authentic JL Audio products bearing the JL AUDIO mark.  Compl. ¶¶ 26–28.  Furthermore, plaintiff contends that this use will create consumer confusion and damage to its goodwill.  Compl. ¶¶ 30–32; Memorandum at 14.  See Wecosign, Inc. v. IFT Holdings, Inc., 845 F. Supp. 2d 1072, 1084 (C.D. Cal. 2012) ("if an injunction were not granted, plaintiff would suffer irreparable injury from the ongoing damages to its goodwill and diversion of customers to counterfeit services").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                              "O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

Furthermore, the balance of hardships favors plaintiff as it will lose profits and goodwill, while an injunction will only proscribe Auto Accessory Warehouse's infringing activities. Wescosign, Inc. v. IFG Holdings, Inc., 845 F.Supp.2d. 1072, 1084 (C.D. Cal. Jan. 23, 2012). There is no indication that Auto Accessory Warehouse will suffer hardship if a permanent injunction is entered. Memorandum at 14. Auto Accessory Warehouse may continue its business without use of non-genuine JL Audio products or improper use of the JL AUDIO mark. Id. Rather, an injunction will merely assure Auto Accessory Warehouse's compliance with the Lanham Act and other laws governing trademark infringement and unfair competition. See Sennheiser, 2013 WL 3811775 *11.

Finally, an injunction is in the interest of the public because "[t]he public has an interest in avoiding confusion between two companies' products." Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 993 (9th Cir. 2009). "Where defendant's concurrent use of plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." AT&T Corp. v. Vision One Sec. Sys., No. 95-0565-IEG (BTM), 1995 WL 476251 *7 (S.D. Cal. July 27, 1995). Here, an injunction would protect consumers from confusion, and would protect plaintiff's JL AUDIO mark from infringement. Memorandum at 15–16. Additionally, an injunction will protect consumers from purchasing products that are not actually entitled to receive JL Audio's standard warranty. Id. at 16.

Therefore, the Court finds that plaintiff has met the statutory and equitable requirements for permanent injunctive relief as to the trademark violation asserted in the complaint. See Adobe Sys., Inc. v. Tilley, No. 09-cv-1085-PJH, 2010 WL 309249 *6 (N.D. Cal. Jan. 19, 2010) (granting a permanent injunction on a motion for default judgment because, "[i]n light of Defendants' past infringement and their failure to appear in this action, injunctive relief is warranted").

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment with respect to plaintiff's claims for trademark infringement, unfair competition, and injunctive relief against Auto Accessory Warehouse.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | 5:16-cv-00785-CAS-JEM | Date | September 18, 2017 |
|---|---|---|---|
| Title | JL AUDIO, INC. v. GIASH U. KAZI ET AL. | | |

It is hereby ordered that judgment be entered in favor of plaintiff with respect to these claims and with respect to plaintiff's request for injunctive relief against Auto Accessory Warehouse.

IT IS SO ORDERED.

|  | : | 02 |
|---|---|---|
| Initials of Preparer | IV | |